IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MIKE BOULTER, | ) |
| | ) Civil Action No.: 1:20-cv-00861 |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| NOBLE ENERGY, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Mike Boulter ("Plaintiff"), for his complaint against Noble Energy, Inc. ("Defendant"), alleges:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because: (a) this action is between citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over the Defendant because a substantial portion of the acts and conduct of the Defendant giving rise to the claims asserted in this action occurred in the State of Colorado, and the oil production at issue has been produced by the Defendant in the State of Colorado.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Defendant transacts business within this District, and a substantial part of the Defendant's conduct giving rise to the claims alleged in this action occurred in this judicial district.

## PARTIES

4.     Plaintiff Mike Boulter is a resident and citizen of the State of Colorado, who resides in Greeley, Colorado.

5.     Defendant is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Texas.

## FACTUAL ALLEGATIONS

6.     On June 18, 1980, William Boulter, as lessor, entered into two oil and gas leases with Martin Exploration Management Corp., as lessee, pertaining to leased premises located in Weld County, Colorado ("June 18, 1980 Leases").

7.     Prior to January 1, 2014, the lessor's interests under the June 18, 1980 Leases were assigned to Plaintiff Mike Boulter. Prior to January 1, 2014, the lessee's interests under the June 18, 1980 Leases were acquired by the Defendant.

8.     Each of the two June 18, 1980 Leases has an identical oil royalty provision, under which the Defendant is obligated as follows:

> To deliver to the credit of Lessor, free of cost, in the pipe line to which Lessee may connect wells on said land, the equal one-eighth (1/8) part of all oil produced and saved from the leased premises.

9.     At various times since March 1, 2014, Defendant has produced and sold oil from wells subject to the June 18, 1980 Leases. Defendant in its calculation and payment of royalties to the Plaintiff on oil sales subject to the June 18, 1980 Leases, has improperly deducted from the sale price of the oil various costs related to transporting the oil from the well to a transportation pipeline, or various costs related to transporting the oil to a delivery point where the oil has been sold to third parties. The costs which Defendant has improperly deducted from the sales price of

the oil include, but are not limited to, costs which Defendant describes as unloading charges and DJ Basin gathering charges.

10. Defendant's deduction of the above-referenced costs in its calculation and payment of royalties paid to the Plaintiff on oil sales is not permitted under the oil royalty provision set forth in the June 18, 1980 Leases, and Defendant has materially breached its contractual obligations to the Plaintiff under the June 18, 1980 Leases by taking such deductions in its calculation and payment of oil royalties to the Plaintiff.

11. The Plaintiff has sustained substantial damages as a result of Defendant's breaches of its contractual obligations to the Plaintiff under the June 18, 1980 Leases.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

12. The allegations contained in Paragraphs 1 through 11 of this complaint, inclusive, are restated and incorporated by reference herein.

13. Defendant has breached its obligations to the Plaintiff under the June 18, 1980 Leases in the manner described above.

14. The Plaintiff has sustained substantial damages as a direct result of Defendant's breaches of its royalty payment obligations to the Plaintiff on the sale of oil under the June 18, 1980 Leases. As a direct and proximate result of Defendant's conduct, the Plaintiff has been damaged in an amount to be determined.

15. The Plaintiff is entitled to recover prejudgment interest on all amounts due and owing by the Defendant to Plaintiff, at the Colorado statutory rate of eight percent per annum, compounded annually, pursuant to C.R.S. § 5-12-102(1)(b).

## SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT

16. The allegations contained in Paragraphs 1 through 15 of this complaint, inclusive, are restated and incorporated by reference herein.

17. A controversy exists between the Plaintiff and the Defendant regarding the correct method for Defendant's calculation and payment of future royalties on oil sales under the June 18, 1980 Leases.

18. The Plaintiff requests that the Court enter a declaratory judgment determining that the Defendant is required to pay future royalties to the Plaintiff under the oil royalty provision of the June 18, 1980 Leases, without taking the improper deductions referenced in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

19. A judgment in favor of the Plaintiff on his claim for Defendant's breaches of the June 18, 1980 Leases, for the full amount of royalty underpayments plus applicable prejudgment interest, at the Colorado statutory rate of eight percent per annum, compounded annually, pursuant to C.R.S. § 5-12-102(1)(b);

20. A declaratory judgment determining the appropriate method for Defendant's calculation of future royalties to the Plaintiff under the oil royalty provision of the June 18, 1980 Leases, in accordance with the relief prayed for by the Plaintiff in Paragraph 18 of this Complaint;

21. An award of court costs; and

22. For such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

Dated: March 30, 2020

The Law Offices of George A. Barton, P.C.

5

By: */s/ George A. Barton*
George A. Barton Mo. Bar No. 26249
Stacy Burrows Co. Bar No. 49199
7227 Metcalf Avenue, Suite 301
Overland Park, KS 66204
(913) 563-6250
gab@georgebartonlaw.com
stacy@georgebartonlaw.com

**ATTORNEYS FOR PLAINTIFF**