IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MIKE BOULTER, BOULTER, LLC, et al., on behalf of themselves and classes of similarly situated persons,<br><br>    Plaintiffs,<br>v.<br><br>NOBLE ENERGY, INC., and KERR-MCGEE OIL & GAS ONSHORE, LP,<br><br>    Defendants. | **Civil Action No.: 1:20-cv-00861-WJM-KLM** |

## PLAINTIFFS' MOTION FOR RELIEF FROM THE COURT'S DISMISSAL ORDER AND JUDGMENT WITHOUT PREJUDICE

Pursuant to Rule Fed. R. Civ. P. 60, Plaintiffs Mike Boulter, Boulter, LLC, Ralph Nix Produce, Inc. and Barclay Farms ("Plaintiffs") seek relief from this Court's Order Granting Defendants' Motions to Dismiss without prejudice for lack of subject matter jurisdiction and its Final Judgment entered on February 17, 2021. (ECF Nos. 58-59). Since March of 2020, Plaintiffs have been jurisdictional purgatory, repeatedly being rejected by this Court and by the Colorado Oil and Gas Conservation Commission (the "Commission"), with neither allowing Plaintiffs to proceed on the merits of their royalty underpayment claims against Defendants. From day one, Plaintiffs, relying on Colorado law and binding precedent, filed their breach of contract claims in this Court, and then, repeatedly refiled their action in this Court every 90 days after the Court issued its dismissal without prejudice, to properly protect their claims and those of the similarly situated class members, while at the same time attempting to exhaust their administrative remedies with the Commission, even though such efforts were clearly futile.

On March 27, 2023, the Supreme Court of Colorado confirmed in *Antero Res. Corp. v. Airport Land Partners, Ltd*, 2023 CO 13 (the "Opinion"), without question, that this Court has had

1

subject matter jurisdiction over the contractual disputes at issue since this action was originally filed by Plaintiffs on March 30, 2020, and that exhaustion of Plaintiffs' administrative remedies with the Commission was never necessary, or even feasible, as it would be futile. Given the Colorado Supreme Court's recent decision, which confirms the Commission's more than 20-year practice of confirming it does not have jurisdiction over contractual disputes based on the deduction of post-production costs from royalties, and the Colorado Court of Appeals 1999 decision in *Grynberg v. Colorado Oil and Gas Conservation Com'n*, 7 P.3d 1060 (Colo. App. 1999) ("*Grynberg*"), this Court has always had subject-matter jurisdiction over Plaintiffs' royalty underpayment claims. Therefore, Plaintiffs are entitled to relief under Fed. R. Civ. P. 60(b)(4)-(6).

## CERTIFICATE OF CONFERRAL

The parties' counsel conferred; Defendants oppose the relief sought in this motion.

## STATEMENT OF RELEVANT FACTS

1. On March 30, 2020, Plaintiff Mike Boulter filed his Complaint seeking damages for royalty underpayments and a claim for declaratory relief. (ECF No. 1). On April 10, 2020 Plaintiff Mike Boulter filed a First Amended Class Action Complaint adding Boulter LLC, Ralph Nix Produce, Inc. and Barclay Farms, LLC as additional named Plaintiffs and Kerr-McGee Oil and Gas Onshore, LP as an additional Defendant (ECF No. 7).

2. On May 29, 2020 Defendants Noble Energy Inc. and Kerr-McGee Oil & Gas Onshore, LP filed separate motions to dismiss the class action claiming this Court did not have subject matter jurisdiction. (ECF Nos. 23 and 24).

3. Defendant Noble Energy argued that this Court does not have jurisdiction because "[u]nder the Oil and Gas Conservation Act, C.R.S. §§ 34-60-101 to 130 (the "Act") …. [the Commission] has jurisdiction to determine '[t]he amount of the proceeds plus interest, if any, due

a payee by a payer" from the sale of oil and gas from Colorado wells'. Plaintiffs' payment-of-proceeds claim, therefore, must be brought before the Commission." (ECF No. 23, p. 2). Similarly, Defendant Kerr-McGee primarily argued that this Court should dismiss all of Plaintiffs' claims for lack of subject matter jurisdiction, because Plaintiffs have failed to exhaust their administrative remedies with the Commission. (ECF No. 24, p. 1).

4. On June 5, 2020, Plaintiffs timely filed their response in opposition to the Defendants' motions to dismiss for lack of subject matter jurisdiction. (ECF Nos. 28 and 29). In their responses, Plaintiffs directed this Court to the: (1) controlling Colorado Court of Appeals' decision in *Grynberg*, which held that the Commission does not have jurisdiction to decide contractual disputes involving a producer's deduction of post-production costs when written contract exits, and that royalty owners who have such a contract dispute – like this case – are not required to exhaust their administrative remedies with the Commission; (2) the Tenth Circuit precedent on the very issue, *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138 (10th Cir. 2000), holds that under § 34-60-118.5 of the Act, "the Colorado legislature clarified and reinforced its intent 'to exclude the resolution of contractual disputes from the jurisdiction of the Commission,'" *Id.* at 1157, and a Colorado litigant alleging a breach of an oil and gas royalty agreement "must assert his claim in a court of law." *Id.;* and (3) the Commission's more than 20-year history of never adjudicating a royalty underpayment dispute over the operator's deduction of post-production costs in the calculation and payment of royalties. (ECF No. 28, pp. 1-2, 4-15; ECF No. 29, pp. 1-2, 5-16).

5. Plaintiffs also informed the Court that the Commission had decided five matters, consistent with its long-standing interpretation of C.R.S. § 34-60-118.5(5.5), finding that the Commission does not have jurisdiction to adjudicate contractual disputes regarding the deduction

of post-production costs between royalty owners and oil and gas producers under a written royalty agreement. (ECF No. 28, Exhibits 3-7). Plaintiffs explained that in those five orders, the Commission found as follows:

- "The Commission does not have jurisdiction to interpret contracts." *Chase v. Colorado Oil and Gas Conservation Comm'n*, 284 P.3d 161, 168 (Colo. App. 2012).
- The Commission's jurisdiction as set out in C.R.S. § 34-60-118.5, grants it the authority to decide when payment is due, whether a delay in payment is justified, and the amount of proceeds due. However, the Commission may only do so absent a *bona fide* dispute "regarding the interpretation of a contract defining the rights and obligations of the payer and payee." C.R.S. § 34-60-118.5(5.5).
- The Commission "**does not** have jurisdiction to decide whether a royalty owner is entitled to payment under a lease or other contract," and cited to the *Grynberg* decision.
- The Commission concluded, without exception, that each Applicant had a *bona fide* dispute with the gas producers requiring the interpretation of the Applicant's lease agreement regarding the propriety of certain post-production cost deductions by the gas producer.
- The Commission concluded the Colorado legislature did not intend for the Commission to resolve disputes requiring contract interpretation and the application of complex legal principles. (*Grynberg*, 7 P.3d at 1063).
- The Commission supported its conclusions with the legislative history of the 1998 Amendments to C.R.S. § 34-60-118.5.
- Finally, the Commission summarized its narrow jurisdiction over payment of proceeds disputes wherein the payee's entitlement to royalties was not in dispute and its interpretation of its jurisdiction "to be only related to calculation of a royalty amount, and not to include a determination of how the royalty amount is to be calculated."

(ECF 28, pp. 9-10).

6. On February 17, 2021, this Court granted Defendants' motions to dismiss the Plaintiffs' class action complaint for lack of subject-matter jurisdiction. (ECF No. 58). In its dismissal order, the Court found it did not have subject-matter jurisdiction because Plaintiffs had "failed to exhaust their administrative remedies at the Commission based on: (1) the clear language of [section 34-60-118.5(5.5) of] the Act providing that the COGCC determines whether a bona fide dispute exists which divests it of jurisdiction; and (2) Plaintiffs have not demonstrated it would

4

be futile to bring their case before the COGCC." (ECF No. 58, pp. 9-10). With regard to the Act, the Court concluded that "the COGCC has jurisdiction to determine in the first instance whether there is a bona fide dispute [regarding the interpretation of a contract]", and that "[o]nly in the event that the COGCC finds that such a dispute exists does it decline jurisdiction." (ECF No. 58, p. 10). With regard to futility, the Court simply found that "Plaintiffs' contention that it is 'clear beyond a reasonable doubt that the [Commission] would not exercise jurisdiction over [their] royalty underpayment claims' is unavailing." (ECF No. 58, p. 11). Finally, in its Order, the Court noted it could not decide whether a bona fide contractual dispute exists, because doing so would invade the province of the Commission. (ECF No. 58, pp. 12-14). The Court also concluded *Grynberg* was distinguishable.

7. On May 17, 2021, Plaintiffs, in order to preserve their breach of contract claims under the Colorado savings statute (C.R.S. § 13-80-111), refiled their class action complaint in this Court at Case No. 1:21-cv-01346-RM-KLM (hereinafter referred to as "Boulter II")).

8. On June 3, 2021, the Colorado Court of Appeals reversed the Denver District Court decision in a unanimous opinion finding the Commission's determinations that it lacks jurisdiction was correct. *Antero Res. Corp. v. Airport Land Partners Ltd.*, No. 19CA1799, 2021 WL 2365973, at *1 (Colo. App. June 3, 2021). In the decision, the Colorado Court of Appeals confirmed that *Grynberg* has always been the law in Colorado, and that the Commission "lacked jurisdiction to adjudicate private disputes related to the legality of specific deductions." *Antero Res. Corp. v. Airport Land Partners, Ltd.*, Appeal No. 19CA1799.

9. Despite the Colorado Court Appeals decision in *Airport Land*, Defendants, once again, moved to dismiss Plaintiffs' claims in Boulter II based on lack of subject-matter jurisdiction. In response, Plaintiffs relied on *Airport Land,* which affirmed *Grynberg* in all respect, as

5

controlling law in Colorado, wherein the Court of Appeals confirmed that the Commission lacked jurisdiction to hear Plaintiffs' claims, and an exhaustion of administrative remedies would be futile. On October 4, 2021, contrary to controlling Colorado law, Plaintiffs' claims were again dismissed by this Court without prejudice. The Court primary relied on this Court's prior dismissal February 17, 2021 Order, and for the reasons stated therein (an alleged failure to exhaust administrative remedies). (Boulter II, ECF No. 47). As part of its dismissal order, the Court determined "nothing in [*Airport Land*] refutes the central rationale of Judge Martinez's Order, which is that the COGCC determines in the first instance whether it will decline jurisdiction because a bona fide dispute exists," ultimately finding that "Judge Martinez's Order controls." (Boulter II, ECF No. 47).

10. On October 28, 2021, Plaintiffs filed their Notice of Appeal regarding this Court's dismissal Order in Boulter II. (Boulter II, ECF Nos. 50 and 54; USCA Case No. 21-1384).

11. On December 16, 2021, in an effort to exhaust their administrative remedies with the Commission, Plaintiffs served Form 37 Requests on Defendants. (See D. Colo. Case No. 1:21-cv-03500-RM-SKC, (hereinafter referred to as "Boulter III"), ECF No. 21, Ex. 4)).

12. On December 30, 2021, while their Commission Form 37s remained unanswered, and to properly preserve their claims under the Colorado saving statute, Plaintiffs had no option but to again refile their class action complaint in this Court. (Boulter III, ECF No. 1).

13. On April 14, 2022, Plaintiffs filed their Verified Application with the Commission, which, as expected, proved futile, as the matter was eventually stayed by the Commission pending the Colorado Supreme Court's determination of the *Airport Land* matter. (D. Colo. Case No. 1:22-cv-01843, (hereinafter referred to as "Boulter IV"), ECF No. 32, Exs. 7, 8, 9, and 12).

14. On April 27, 2022, like before, this Court granted Defendants' motions to dismiss Plaintiffs' class action complaint, again relying on this Court's February 17, 2021 dismissal Order.

(Boulter III, ECF No. 23). In its dismissal Order, the Court declined to extend jurisdiction over matters "already determined by Judge Martinez," despite the fact the law was made more clear by the Colorado Court of Appeals *Airport Land* ruling. (Boulter III, ECF No. 23).

15. On May 25, 2022, Plaintiffs filed their Notice of Appeal, appealing the Court's dismissal Order in Boulter III. (Boulter III, ECF Nos. 25-29; USCA Case No. 22-1170). On July 19, 2022, the 10th Circuit Court of Appeals consolidated Boulter II and Boulter III for submission to the court and oral argument. (COA No. 21-1384, Doc. No. 010110713352). Oral argument was held on September 27, 2022 – the parties are awaiting a decision from the Tenth Circuit.

16. On July 26, 2022, Plaintiffs filed their most recent class action complaint. (Boulter IV, ECF No. 1). On September 21, 2022, Defendants filed their motion to dismiss, once again, alleging this Court lacked subject matter jurisdiction. (Boulter IV, ECF No. 6). Defendants' motion to dismiss briefing was completed on November 2, 2022. (Boulter IV, ECF Nos. 6, 32, 34).

17. While the Defendants' motions to dismiss remained pending, on March 27, 2023, the Supreme Court of Colorado issued its Opinion, wherein it confirmed this Court has had jurisdiction to adjudicate the royalty underpayment claims at issue the entire time, and confirming the Commission does not have jurisdiction to resolve disputes regarding the proper interpretation or application of terms in the written contracts at issue. (*Antero Res. Corp. v. Airport Land Partners, Ltd*, 2023 CO 13, ¶¶ 4, 12). Plaintiffs immediately supplemented the record in Boulter IV, informing this Court that the Colorado Supreme Court had confirmed, once and for all, that this Court has subject-matter jurisdiction over Plaintiffs' breach of contract claims – the Commission does not. (ECF No. 39).

18. Consistent with the Colorado Supreme Court's Opinion, on April 4, 2023, Defendants filed a Notice of Withdrawal, in which they withdrew their motion to dismiss to the

7

extent it requested the Court to dismiss Plaintiffs' claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) for failure to exhaust their administrative remedies. However, Defendants did not withdraw their motion to dismiss based Fed. R. Civ. P. 12(b)(6), claiming Plaintiffs had failed to state a claim for relief. (Boulter IV, ECF No. 40).

19. After the Opinion was issued, which definitively confirmed the Commission does not have jurisdiction over contractual disputes involving royalty underpayments like the one at issue here, and after Defendants had withdrawn the 12(b)(1) basis for their motion to dismiss in light of the Opinion, the Court entered an order *sua sponte* dismissing Boulter IV, based upon this Court's prior dismissal Order (Boulter IV, ECF No. 41). The Court's dismissal was with prejudice, even though the Colorado Supreme Court has confirmed this Court has subject-matter jurisdiction over Plaintiffs' royalty underpayment claims. Based on the Opinion and the Colorado saving statute, Plaintiffs have had a good faith basis for the re-filings of their class action complaint. The Court's latest dismissal of Boulter IV was ultimately based upon *res judicata* on the grounds that the matter was already decided in Judge Martinez's February 17, 2021 dismissal Order in Boulter I. (Boulter IV, ECF No. 41).

20. On April 13, 2023, Plaintiffs filed their Notice of Appeal, appealing the Court's dismissal in Boulter IV. (Boulter IV, ECF No. 43; USCA Case No. 23-1118).

21. To date, the Commission has not ruled on Plaintiffs' Verified Application and Plaintiffs have had no venue to properly adjudicate their royalty underpayment claims.

## **LEGAL STANDARD**

"It is well settled that while an appeal is pending, a party may file a Rule 60(b) motion with the district court. If the motion has merit, the district court may then notify the court of appeals of its intention to grant the motion and the case will be remanded for that purpose. If, however, the

8

district court denies the motion, the party may appeal the ruling immediately." *Powell v. Vanderslice*, 19 F.3d 1443 (10th Cir. 1994) (citing *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir.1991); *Summers v. State of Utah*, 927 F.2d 1165, 1168 (10th Cir.1991); *Garcia v. Regents of Univ. of Cal.*, 737 F.2d 889, 890 (10th Cir.1984).[1]

Under Federal Rule of Civil Procedure 60(b), courts are authorized to provide relief from a final judgment, order, or proceeding for certain reasons, including: when the judgment is void (60(b)(4)); when applying the judgment prospectively is no longer equitable (60(b)(5)); or any other reason that justifies relief (60(b)(6)). A motion under Rule 60(b)(5) or (6) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). A motion for relief from a void judgment under rule 60(b)(4) has no time limitations. *United States v. Boch Oldsmobile*, Inc., 909 F.2d 657, 661 (1st Cir. 1990). Rule 60(b) is to be liberally construed to carry out the purpose of avoiding the enforcement of an erroneous judgment. *Blanchard v. St. Paul Fire & Marine Ins. Co*., 341 F.2d 351, 355 (5th Cir. 1965).

## **ARGUMENT AND AUTHORITIES**

The Supreme Court of Colorado's Opinion confirmed the Court of Appeals' 1999 decision in *Grynberg*, wherein the Court of Appeals concluded that the Commission does not have jurisdiction to hear Plaintiffs' royalty underpayment claims, rather "[t]he statute demonstrates the General Assembly's intent to grant to the Commission jurisdiction only over actions for the timely payment of proceeds and not over disputes with respect to the legal entitlement to proceeds under the terms of a specific royalty agreement." *Antero Res. Corp. v. Airport Land Partners, Ltd*, 2023 CO 13, ¶ 2.

---

[1] This case is not on appeal, and Plaintiffs believe the Court has complete jurisdiction to fully consider and rule on their Rule 60 motion without limitations. Notwithstanding, Plaintiffs are cognizant that subsequent iterations of Plaintiffs' claims in later filed actions against Defendants are on appeal.

Because the February 2021 Final Judgment entered by this Court is void, applying the Court's dismissal prospectively is no longer equitable, and because justice requires Plaintiffs otherwise be given relief from the Court's dismissal without prejudice, this Court should vacate its dismissal of Plaintiffs' claims and reopen Plaintiffs' breach of contract case against Defendants.

## I. JUSTICE REQUIRES THAT THIS COURT GRANT PLAINTIFFS RELIEF FROM ITS 2021 DISMISSAL

Fed. R. Civ. P. 60(b)(6) authorizes the Court to provide relief from a judgment or order for any reason that justifies relief other than those listed in Rule 60(b)(1)-(5). Rule 60(b) should be liberally construed when substantial justice will thus be served. *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). The Rule is a procedural acknowledgement that things change, that facts come to light, that decisions rendered may be unrendered; it is itself an exception to finality. *Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 58 F.4th 429, 481 (10th Cir. 2023) (Rossman, J., dissenting) (citing *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004) ("[t]he Rule encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances"). A party merits relief under Rule 60(b)(6) if the party demonstrates exceptional circumstances "which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Courts have recognized exceptional circumstances exist when a party is deprived of their day in court through no fault of their own. *See Mojica v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 96, 101 (2011) (citing *Scott v. Gardner*, 344 F.Supp.2d 421, 427 (S.D.N.Y.2004) (granting a 60(b)(6) motion where "the merits of [the plaintiff]'s allegations ... were not reached").

The reality of this unfortunate situation is, Plaintiffs have been wholly precluded from prosecuting the merits of their breach of contract claims against Defendants for more than 3 years, and will continue to be precluded from having their day in court unless and until this Court grants

10

relief from its prior 2021 dismissal Order. Plaintiffs alleged that Defendants have improperly calculated and paid royalties from Plaintiffs and the proposed members of the Class, but Plaintiffs currently have no medium under the law to recover those royalties. The Colorado Supreme Court's recent Opinion makes clear that, due to the nature of Plaintiffs' claims, which involve a good faith dispute over the application of the royalty provisions in their oil and gas leases, the Commission has no jurisdiction to adjudicate the dispute. Importantly, in its Opinion, the Colorado Supreme Court explicitly rejects the idea that Plaintiffs must go to the Commission in the first instance for a determination of whether a *bona fide* contract dispute exists.[2] And based upon this Court's 2021 dismissal Order, and the subsequent dismissals by this Court which are founded in the 2021 dismissal Order, it is clear that simply refiling Plaintiffs' complaint will be seen as improper, and will continue to result in a dismissal as long as this Court's 2021 dismissal Order remains.

Regardless of whether the Court believes its dismissal of Plaintiffs' claims fits neatly within the parameters of Rule 60(b)(1)-(5), Rule 60(b)(6) is intended to provide an avenue for relief where justice so requires, but where a party's request does not fall squarely into one of the other specific recognized reasons for providing relief from a judgment or order, and the exceptional circumstances here warrant such relief. Put simply, Plaintiffs have no other recourse but to plead with the Court on the basis of justice and equity to vacate its 2021 dismissal Order, so that Plaintiffs can prosecute their royalty underpayment claims against Defendants on the merits.[3]

## II. THIS COURT'S DISMISSAL ORDER DEPRIVED PLAINTIFFS OF THE OPPORTUNITY TO BE HEARD, AND IS THEREFORE VOID.

---

[2] *See, Antero Res. Corp. v. Airport Land Partners, Ltd*, 2023 CO 13, ¶ 21 ("Subsection (5.5) does not alter this conclusion. The provision requiring the Commission to determine whether a bona fide dispute over contract interpretation exists, and to decline jurisdiction if it does, cannot be read to require COGCC to first engage in contract interpretation to assess the bona fides of the dispute and then to decline jurisdiction. That approach would run afoul of subsection (8)(a)'s command that '[n]othing in this section shall be construed" to require COGCC to interpret contracts'").

[3] The law manifests a strong preference that cases be resolved on their merits. *Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 765 (1st Cir. 2017).

11

Rule 60(b)(4) authorizes the court to relieve a party from a final judgment if the judgment is found to be void. Fed. R. Civ. P. 60(b)(4). A void judgment is a legal nullity. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 1376, 176 L. Ed. 2d 158 (2010). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 302 (5th Cir. 2022). "If voidness is found, relief is not a discretionary matter; it is mandatory." *Johnson v. Spencer*, 950 F.3d 680, 694–95 (10th Cir. 2020) (citing *Espinosa, supra* at 271).

A judgment is void under Rule 60(b)(4) where [the] judgment is premised on a violation of due process that deprives a party of the opportunity to be heard. *Id*. Due process in civil cases requires proper notice, service of process <u>and</u> a court of competent jurisdiction. *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 302 (5th Cir. 2022) (emphasis added). The fundamental requisite of due process of law is the opportunity to be heard. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950).

This Court's 2021 Order dismissing Plaintiffs' complaint for lack of subject matter jurisdiction was inconsistent with due process, because it prevented Plaintiffs from having a court of competent jurisdiction in which to litigate their claims, depriving Plaintiffs of an opportunity to be heard on the merits of their case. The Court's February 17, 2021 dismissal of Plaintiffs' claims for failure to exhaust their administrative remedies at the Commission prevented Plaintiffs from presenting their royalty underpayment claims against Defendants in this Court. In doing so, the Court's dismissal deprived Plaintiffs of <u>any</u> opportunity to have their claims heard, because the purported administrative agency at which Plaintiffs were supposed to exhaust, the Commission, had made clear for over 20 years, and as now confirmed by the Colorado Supreme Court's recent *Airport Land* Opinion, it lacks jurisdiction to resolve a dispute under section 118.5(5) of the

12

Colorado Oil and Gas Conservation Act (the "Act") where parties have a good faith dispute about the meaning or application of relevant contractual terms. As the Opinion also made clear, such royalty underpayment claims belong in, and must be adjudicated in, the district courts.

As Plaintiffs continuously pled to this Court through three complaints and three rounds of briefings regarding Defendants' dismissals in separate cases, they were prohibited from litigating their claims at the Commission, or even presenting them for determination of whether a *bona fide* contract dispute existed, based upon controlling Colorado precedent (*Grynberg v. Colo. Oil & Gas Conservation Comm'n*, 7 P.3d 1060, 1063 (Colo. App. 1999), as affirmed by *Antero Res. Corp. v. Airport Land Partners Ltd.*, No. 19CA1799, 2021 WL 2365973, at *1 (Colo. App. June 3, 2021)), and the Commission's own interpretation of its [lack of] jurisdiction under the statute (based upon previous orders from the Commission,[4] and the Commission's Guidebook[5], wherein the Commission stated, "the Commission does not have jurisdiction to resolve the [royalty] dispute if the dispute arises out of a contract)." (Boulter III, ECF No. 26, p. 7).

Notwithstanding Plaintiffs' repeated and consistent pleas, this Court repeatedly dismissed Plaintiffs' claims against Defendants without prejudice for lack of subject-matter jurisdiction based upon a failure to exhaust administrative remedies. Since the Court's decision was a dismissal without prejudice, and, as evidenced above, and made clear in the recent Opinion, Plaintiffs could not take their claims to the Commission, which would have been wholly futile, Plaintiffs had no choice but to refile in order to preserve their claims under Colorado's savings statute (C.R.S. § 13-80-111). Even then, the subsequent cases Plaintiffs filed were similarly dismissed, as they were bound by the Court's previous subject-matter jurisdiction ruling, sending Plaintiffs into an endless loop of irresolution. The end result of the Court's dismissal was a decision that is inconsistent with

---

[4] ECF No. 28, Exs. 3-7.
[5] Boulter III, ECF No. 21, Ex. 26.

due process, as it prevented Plaintiffs from having a competent court of jurisdiction, effectively depriving Plaintiffs of an opportunity to be heard on the merits of their royalty underpayment claims. Therefore, the Court's judgment is void, and should be vacated.

### III.    APPLYING THE COURT'S DISMISSAL OF PLAINTIFFS' CLAIMS PROSPECTIVELY IS NO LONGER EQUITABLE.

Fed. R. Civ. P. 60(b)(5) allows a party to seek relief from a judgment or order if applying the judgment prospectively is no longer equitable. While Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, it does provide a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest. *Horne v. Flores*, 557 U.S. 433, 447, 129 S. Ct. 2579, 2593, 174 L. Ed. 2d 406 (2009). Rule 60(b)(5) "applies to any judgment that has prospective effect." *Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 283 F.R.D. 499, 501 (E.D. Ark. 2012) (citing 11 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2863 (2d ed. 1995)). Rule 60(b) is to be liberally construed to carry out the purpose of avoiding the enforcement of an erroneous judgment. *Blanchard v. St. Paul Fire & Marine Ins. Co.*, 341 F.2d 351, 355 (5th Cir. 1965).

While Plaintiffs do not believe Colorado law surrounding resolution of royalty underpayment claims, and the corresponding jurisdiction of the courts and the Commission, has "changed" per se (*Grynberg* is, and always has been, the law in Colorado), the Colorado Supreme Court's recent Opinion resolves any doubt, that Plaintiffs cannot resolve their royalty underpayment claims before the Commission because the Commission has no jurisdiction to hear the same. As a result, this Court's previous dismissal of Plaintiffs' claims creates an insurmountable obstacle to Plaintiffs' seeking relief for their claims which is at odds with equity.

14

Plaintiffs recognize that "prospective" application as it is referred to under Rule 60(b)(5) typically involves those judgments/orders which require future court involvement or oversight, such as a decree or injunction. But Plaintiffs believe this case presents a unique set of circumstances which requires a more liberal reading of Rule 60(b)(5) than has historically been applied, especially in light of the equitable considerations embodied directly within Rule 60(b)(5).[6]

Plaintiffs first brought their breach of contract claims against Defendants for underpayment of royalties on March 30, 2020. This Court dismissed Plaintiffs' claims on February 17, 2021, and ever since, the Court's dismissal Order has been prospectively applied to prevent Plaintiffs from having their claims heard due repeated reliance on this Court's February 17, 2021 dismissal Order. (Boulter II, ECF No. 47; Boulter III, ECF No. 23; Boulter IV, ECF No. 41). If the Court's dismissal Order has been applied prospectively to prevent Plaintiffs' royalty underpayment claims, why should the Court not treat the ruling prospectively for purposes of Rule 60(b)? Equity favors doing so. The alternative result is that Plaintiffs will have no forum in which to litigate their royalty underpayment claims against Defendants, an inexplicable inequity. In short, allowing this Court's February 17, 2021 dismissal Order to stand, and continuing to apply it prospectively is no longer equitable, as it will preclude Plaintiffs from resolving their claims against Defendants.

## **CONCLUSION**

For the reasons stated above, Plaintiffs request that this Court vacate its February 17, 2021 Order dismissing Plaintiffs' claims, and for such further relief the Court deems just and equitable.

Dated: April 25, 2023                                        Respectfully submitted,

                                                             By: */s/ George A. Barton*
                                                             George A. Barton Mo. Bar No. 26249

---

[6] As Justice Black recognized long ago, "[i]t does no good to have liberalizing rules like 60(b) if, after they are written, their arteries are hardened by [a] resort to ancient common-law concepts." *Ackermann v. United States*, 340 U.S. 193, 205, 71 S. Ct. 209, 215, 95 L. Ed. 207 (1950) (Black, dissenting).

Stacy Burrows Co. Bar No. 49199
Barton and Burrows LLC
5201 Johnson Dr., Ste 110
Mission, KS 66205
(913) 563-6250
george@bartonburrows.com
stacy@bartonburrows.com

**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED SUBCLASSES**