IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MIKE BOULTER, BOULTER, LLC, et al., on behalf of themselves and classes of similarly situated persons,<br><br>　　　　Plaintiffs,<br>v.<br><br>NOBLE ENERGY, INC., and KERR-MCGEE OIL & GAS ONSHORE, LP,<br><br>　　　　Defendants. | **Civil Action No.: 1:20-cv-00861-WJM-KLM** |

**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM THE COURT'S DISMISSAL ORDER AND JUDGMENT WITHOUT PREJUDICE**

Consistent with the Court's November 1, 2023 Order, Plaintiffs provide their supplemental brief in further support of their Rule 60 Motion for Relief from the Court's Dismissal Without Prejudice and Judgment. (ECF No. 67). Imperative to the Court's consideration, four significant events have taken place since Plaintiffs filed their Rule 60 Motion for Relief from the Court's Dismissal Without Prejudice and Judgment on April 25, 2023 (ECF No 60, the "Rule 60 Motion"). First, the Tenth Circuit issued its Opinion and Order in Appellate Case No. 21-1384 on July 25, 2023, confirming that Plaintiffs will not be able to pursue their claims for royalty underpayments on the merits absent this Court's granting Plaintiffs' Rule 60 Motion. Second, on August 23, 2023, the Colorado Energy & Carbon Management Commission's f/k/a the Colorado Oil and Gas Conservation Commission (the "Commission") issued its Recommended Order Declining Jurisdiction wherein the Commission Hearing Officer Supervisor concluded, consistent with its practice for more than twenty-five years, that the Commission lacks jurisdiction to adjudicate the claims related to contract interpretation and the royalty underpayment disputes between the

Plaintiffs and Defendants. (ECF No. 66-1). Third, Defendants filed their limited objections the Commission's Recommended Order Declining Jurisdiction. In their objections, neither Defendant challenged the Commission's conclusion that it does not have jurisdiction to adjudicate the Plaintiffs' breach of contract royalty underpayment claims. (*See* Exhibit 1 Noble Energy, Inc.'s September 12, 2023 Exception To The Hearing Officer's Recommended Order Declining Jurisdiction; Exhibit 2, Kerr-McGee Oil and Gas Onshore, LP's Exception to the Hearing Officer's Recommended Order Declining Jurisdiction). Rather, both of the Defendants' objections complain about the language the Commission used to describe the royalty payment obligation contained in the oil and gas leases at issue. (Exhibits 1, p. 5; Exhibit 2, p. 7). Fourth, yesterday, on November 7, 2023, more than two years after the Plaintiffs began exhausting their administrative remedies with the Commission, as ordered by this Court, the Commission issued its Order Declining Jurisdiction to hear Plaintiffs' royalty underpayment claims. (Exhibit 3, November 7, 2023 Commission Order Declining Jurisdiction).

In issuing its Order Declining Jurisdiction, the Commission concluded that:

> In *Airport Land*, the Supreme Court further refined what constitutes a "bona fide dispute over the interpretation of a contract" that divests the Commission of jurisdiction in payment of proceeds matters. *Antero Resources Corp. v. Airport Land Partners, Ltd*., 526 P.3d 204, 210 (Colo. 2023). The Oil and Gas Conservation Act confers the Colorado Energy and Carbon Management Commission ("ECMC") jurisdiction over payment of proceeds disputes that do not implicate a "bona fide dispute of contract interpretation." C.R.S. § 34-60-118.5(5). "The only way to read the three references to bona fide contract disputes in section 118.5 harmoniously is to conclude that when the parties in good faith disagree about the meaning or application of a relevant term in a lease agreement or contract, there is a 'bona fide dispute over the interpretation of a contract' that divests COGCC of jurisdiction." *Antero*, 526 P.3d 204, 211 (Colo. 2023). The statute does not confer on [ECMC] the authority to interpret any disputed contract terms—even if those terms seem unambiguous or depend on factual determinations. *Id*. Any good faith dispute over meaning and appropriate application of contract terms relevant to the payment of proceeds statute should be dismissed by the Commission and addressed by the courts. *Id*. at 213.

> \*\*\*
>
> Upon review, the Applicants' Motion is granted in full and this matter is dismissed for lack of jurisdiction.

(Exhibit 3, pp. 3-4).

### A. The Tenth Circuit's Opinion's Effect on This Court's Rule 60 Analysis.

The Tenth Circuit Court of Appeals' July 25, 2023 decision, confirms that without the appropriate relief sought by the Plaintiffs in their Rule 60 Motion, there will be no opportunity for for the Plaintiffs to be properly heard on the merits of their breach of contract royalty underpayment claims. As this Court ordered in 2021, Plaintiffs have now fully exhausted their breach of contract claims in the Commission, and the Commission continued its nearly 30-year practice of determining that it "lacks jurisdiction" to resolve Plaintiffs' breach of contract claims. Because Plaintiffs have now fully complied with this Court's order by fully exhausting their breach of contract claims in the Commission, Plaintiffs' and the Class members' breach of contract claims against Defendants should be fully adjudicated by this Court.

No question, Plaintiffs zealously pursued resolution of their claims by refiling their complaint merely to preserve their claims even pursuing unattainable remedies at the Commission after directed to do so by the Court, though such efforts were futile. Each time Plaintiffs filed their claims in this Court, Defendants filed for dismissal based upon an erroneous argument that this Court lacks subject-matter jurisdiction. Defendants' arguments were contrary to longstanding Colorado law, which was further confirmed by the decision in the *Airport Land* appeal in the midst of Plaintiffs' refiling of their complaints. *Antero Res. Corp. v. Airport Land Partners Ltd.*, No. 19CA1799, 2021 WL 2365973, at \*1 (Colo. App. June 3, 2021). Then, when Plaintiffs attempted to exhaust administrative remedies, it was the Defendants who requested a stay of all Commission activities, effectively precluding Plaintiffs from expeditiously exhausting their administrative

3

remedies with the Commission. (D. Colo. Case No. 1:22-cv-01843, ECF Nos. 32, Ex. 7, p. 3 "Counsel for Noble requested that the Hearing Officer stay this matter pending the Colorado Supreme Court's Decision in [*Airport Land v. Antero*]. Applicants objected to the request and argued the stay was not appropriate because the Commission and the Colorado appellate courts have all determined the Commission over their claims.").

Now that the *Airport Land* Opinion has been handed down and the Supreme Court of Colorado has definitively resolved the issue in favor of the plaintiffs in that case, finding that royalty owners like Plaintiffs are not required to first seek a jurisdictional ruling from the Commission, Defendants are relying on the Court's prior procedural, dismissals to keep Plaintiffs' meritorious claims out of Court. (ECF No. 60). It is abundantly clear; Defendants' goal all along has been to keep Plaintiffs in procedural limbo to prevent them from ever having an opportunity to litigate the actual merits of their royalty underpayment claims in any competent forum.

**B.    The Facts Here Provide the Particular Type of Exceptional Circumstances Contemplated Under Rule 60(b)(6) Warranting Plaintiffs' Requested Relief.**

Under Federal Rule of Civil Procedure 60(b), courts are authorized to provide relief from a final judgment, order, or proceeding for certain reasons, including: when the judgment is void (60(b)(4))); when applying the judgment prospectively is no longer equitable (60(b)(5)); or any other reason that justifies relief (60(b)(6)). Rule 60(b) should be liberally construed when substantial justice will thus be served. *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Rule 60 is to be liberally interpreted because the legislature appreciates that things often change, new facts come to light, and decisions once rendered by the court may preclude a party from having their day in court. No question, the facts in this case are exceptional and Plaintiffs deserve the equitable relief requested.

As a result of this Court's 2021 Order of Dismissal Without Prejudice, for more than two years Plaintiffs have been precluded from having any forum in which to litigate their royalty underpayment claims on the merits. Defendants argued that Plaintiffs are not entitled to relief under Rule 60(b)(6) because Plaintiffs should have appealed this Court's February 2021 of Dismissal Without Prejudice. But the obvious fact is, Plaintiffs had more than a good faith basis not to appeal, but rather, to refile in this Court, to preserve their claims, all the while also seeking a jurisdictional determination from the Commission. First, this Court's 2021 order dismissed Plaintiffs' claims without prejudice based on the Defendants' alleged jurisdiction defect (ECF No. 58, p. 15). Thus, Plaintiffs were clearly not prohibited from refiling their breach of contract claims. *Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) ("[i]f a district court dismisses a case without prejudice, it need not follow any specific procedure because the plaintiff retains the ability to refile his or her case"). Second, Colorado law has been clear for more than 26 years that exhaustion of administrative remedies is simply not a viable option for royalty underpayment breach of contract claims like those of the Plaintiffs. *Antero Res. Corp. v. Airport Land Partners, Ltd,* 526 P.3d 204, 210 (Colo. 2023). Therefore, Plaintiffs reasonably believed any jurisdictional defect would be cured by refiling, based upon on legal precedent established in *Grynberg*, and their belief that the five July 2018 Commission Decisions, wherein the Commission concluded that it has no jurisdiction to adjudicate the Plaintiffs' royalty payment disputes would be affirmed by the Colorado Court of Appeals and the Supreme Court of Colorado, which they were.

## **CONCLUSION**

For the reasons stated above, and those in Plaintiffs' Rule 60(b) motion and brief in support thereof, substantial justice will only be served by providing Plaintiffs relief under Fed. R. Civ. P. 60.

Dated: November 8, 2023

Respectfully submitted,

By: */s/ George A. Barton*
George A. Barton Mo. Bar No. 26249
Stacy Burrows Co. Bar No. 49199
Barton and Burrows LLC
5201 Johnson Dr., Ste 110
Mission, KS 66205
(913) 563-6250
george@bartonburrows.com
stacy@bartonburrows.com

**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED SUBCLASSES**