IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0861-WJM-SBP

MIKE BOULTER,
BOULTER, LLC,
RALPH NIX PRODUCE, INC., and
BARCLAY FARMS, LLC, on behalf of themselves and classes of similarly situated persons,

      Plaintiffs,

v.

NOBLE ENERGY, INC., and
KERR-MCGEE OIL & GAS ONSHORE, LP,

      Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM THE COURT'S DISMISSAL ORDER AND JUDGMENT WITHOUT PREJUDICE**

---

Before the Court is Plaintiffs Mike Boulter; Boulter, LLC; Ralph Nix Produce, Inc.; and Barclay Farms, LLC's (collectively, "Plaintiffs") Motion for Relief from the Court's Dismissal Order and Judgment Without Prejudice ("Motion").  (ECF No. 60.) Defendants Noble Energy, Inc. and Kerr-McGee Oil & Gas Onshore, LP's (jointly, "Defendants") filed a response.  (ECF Nos. 61.)  Plaintiffs filed a reply.  (ECF No. 62.) The parties also filed supplemental briefing in light of the Tenth Circuit Court of Appeals' ruling in *Boulter v. Noble Energy Inc.*, 74 F.4th 1285 (10th Cir. 2023).  (ECF Nos. 68, 69.)  For the following reasons, the Motion is denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

On February 17, 2021, the undersigned granted Defendants' motions to dismiss,

holding that Plaintiffs were required to first present their dispute to the Colorado Oil & Gas Conservation Commission ("COGCC"), which would determine whether the case was one involving a bona fide dispute regarding interpretation of a contract. (ECF No. 58 at 10 (citing Colo. Rev. Stat. 34-60-118.5(5.5)) ("*Boulter I*"). "Only in the event that the [Commission] finds that such a dispute exists does it decline jurisdiction," at which point the parties may proceed to litigation. (*Id.*) Accordingly, the Court dismissed Plaintiffs' action without prejudice for failure to exhaust their administrative remedies. (*Id.* at 16.) Notably, Plaintiffs chose not to file a motion for reconsideration or appeal the Court's decision to the Tenth Circuit.

Instead, in the years since the Court's decision in *Boulter I*, Plaintiffs have filed three identical lawsuits in the District of Colorado. *See* Civil Action Nos. 1:21-cv-1346-RM-KLM ("*Boulter II*"), 1:21-cv-3500-RM-SKC ("*Boulter III*"), and 1:22-cv-1843-DDD-SKC ("*Boulter IV*").

In *Boulter II*, the court rejected Plaintiffs' argument that the decision of the Colorado Court of Appeals in *Antero Resources Corporation v. Airport Land Partners Limited*, 2021 WL 2365973 (Colo. App. June 3, 2021), *aff'd sub nom. Antero Resources Corp. v. Airport Land Partners, Ltd.*, 2023 CO 13, 526 P.3d 204 (Colo. 2023), was a significant intervening change in the law that permitted them to essentially refile their case, and that case was also dismissed. (*Boulter II*, ECF No. 47 at 1–2 ("But nothing in that decision refutes the central rationale of Judge Martinez's Order, which is that the COGCC determines in the first instance whether it will decline jurisdiction because a bona fide dispute exists.").)

In *Boulter III*, the court again dismissed the case, declining "to allow Plaintiffs a

2

third bite because their arguments are not new, and nothing of significance has changed." (*Boulter III*, ECF No. 23 at 2.)

In *Boulter IV*, the court yet again dismissed Plaintiffs' case as precluded by res judicata. (*Boulter IV*, ECF No. 41 at 4.) Importantly, in dismissing *Boulter IV*, the court explained why the Colorado Supreme Court's decision in *Antero* did not constitute a significant intervening change in the law.

> The problem, though, is that (as Judge Moore recognized in *Boulter II*) the issue that was dispositive in *Boulter I* was not at issue in either iteration of *Airport Land*. *Boulter I* held that Plaintiffs were required to first present their dispute to the Colorado Oil & Case Conservation Commission which would determine whether the case was one involving a "bona fide dispute regarding interpretation of a contract." *Boulter I* at 10 (citing Colo. Rev. Stat. 34-60-118.5(5.5)). "Only in the event that the [Commission] finds that such a dispute exists does it decline jurisdiction" at which point the parties may proceed to litigation. *Id*.
>
> That was not in question in *Airport Land*. What both the court of appeals and the supreme court addressed there was what constitutes such a bona fide dispute regarding interpretation of a contract. *See Antero Resources Corp*., 2023 WL 2640471 at *2. The plaintiff in that case had in fact taken its dispute to the Commission, and the question was whether the Commission was right that the matter was not one of contract interpretation and therefore properly within its jurisdiction. *Id*. In other words, *Airport Land* is about the second step of the process described in *Boulter I*. But *Boulter I* turned on the first step: presenting the dispute to the Commission for the initial determination. That the Colorado Supreme Court held that at the second step that the dispute was a matter of contract interpretation so the Commission should have declined jurisdiction does not say anything about whether *Boulter I* was wrong about the first step. *Airport Land* is therefore not a significant intervening change in the law,[] and this case is barred by res judicata.
>
> The remainder of Plaintiffs' arguments are attempts to explain why *Boulter I* was wrong, and exhaustion was not required or would be futile. *See* Doc. 32 at 14-18. But even

3

> if I thought *Boulter I* (and *Boulter II*, and *Boulter III*) was wrongly decided, I would be compelled to grant the motion to dismiss this case as precluded by res judicata. A party who believes a district court wrongly dismissed its case has a number of options: it can ask for reconsideration or it can appeal, for example, and have the result reversed. Filing the same case three more times is not one of those options.

(*Boulter IV*, ECF No. 41 at 3–4.)

Plaintiffs appealed *Boulter II*, *Boulter III*, and *Boulter IV*. On July 27, 2023, the Tenth Circuit affirmed the dismissals of *Boulter II* and *Boulter III* based on res judicata. (ECF No. 64.) The Tenth Circuit analyzed whether an exception to res judicata advanced by Plaintiffs—an alleged change in law as a result of a Colorado Court of Appeals decision in *Antero*—prevented application of *Boulter I*.[1] The Tenth Circuit concluded that even if it overlooked the unpublished and thus non-binding nature of the Colorado Court of Appeals' decision in *Antero*, the panel could not see how it changed Colorado law. (ECF No. 64-1 at 17.) Instead, the Tenth Circuit characterized the Colorado Court of Appeals' decision in *Antero* as merely deciding whether the COGCC correctly concluded it lacked jurisdiction under that case's facts. (*Id.*) Accordingly, that "fact-based inquiry" alone did not demonstrate a change in the law, and the court found that *Boulter I* precluded Plaintiffs from relitigating exhaustion and futility in *Boulter II* and *Boulter III*. Because Plaintiffs failed to exhaust their administrative remedies with COGCC, the Tenth Circuit concluded that the district court lacked subject matter jurisdiction over both *Boulter II* and *III*.

On April 13, 2023, Plaintiffs appealed the dismissal of *Boulter IV*, and that appeal

---

[1] The Colorado Supreme Court had not yet issued its opinion affirming the Colorado Court of Appeals' opinion at the time the Tenth Circuit ruled, and therefore, the Tenth Circuit only addressed the Colorado Court of Appeals' decision in affirming *Boulter III* and *Boulter IV*. (ECF No. 64-1 at 12.)

4

remains pending before the Tenth Circuit.  (*Boulter IV*, ECF No. 43.)

Not two weeks later, on April 25, 2023, Plaintiffs filed the instant Motion, requesting Rule 60 relief from this Court.  (ECF No. 60.)

## II. LEGAL STANDARD

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [six] reasons[.]"  Fed. R. Civ. P. 60(b).  The first five reasons are scenarios that arise with enough frequency to be specifically called out (*e.g.*, excusable neglect, newly discovered evidence, satisfaction of judgment).  *See* Fed. R. Civ. P. 60(b)(1)–(5).  Then Rule 60(b)(6) permits a court to grant relief for "any other reason justifying relief."  While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is "extraordinary and may only be granted in exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).

Ultimately, all Rule 60(b) motions are addressed to the sound discretion of the trial court.  *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984).

## III. ANALYSIS

Plaintiffs argue that the Court should grant relief under Rule 60(b)(4), (5), or (6).  (ECF No. 60 at 11–15.)  The Court rejects their arguments for the following reasons.

### A.   Rule 60(b)(4)

Plaintiffs argue that the Court's decision is void; specifically, they argue that the decision was "inconsistent with due process, because it prevented Plaintiffs from having a court of competent jurisdiction in which to litigate their claims, depriving Plaintiffs of an opportunity to be heard on the merits of their case."  (ECF No. 60 at 12.)  They contend

5

that the Court deprived them of "any opportunity to have their claims heard." (*Id.*)

Not so. "Relief for lack of due process is not appropriate in a case in which the district court has not deprived a party of 'notice, hearing, or other fundamental constitutional rights. . . .'" *Wilson v. Reid*, 838 F. App'x 351, 355 (10th Cir. 2020) (citation omitted). According to the Supreme Court, "'[a] judgment is not void,' for example, 'simply because it is or may have been erroneous.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010) (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995) (additional citations omitted)). "Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Id.* (citing *Kocher v. Dow Chemical Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997)); *see also Matter of Novoa*, 690 F. App'x 223, 227 (5th Cir. 2017) (rejecting Rule 60(4)(b) motion partially on basis that party did not appeal, and the court will not allow litigants to use Rule 60(b)(4) as substitute for a direct appeal). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990) (additional citations omitted)). For a judgment to be void under Rule 60(b)(4), the entering court must have been powerless to enter the judgment at the time it was entered. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979).

The Court finds that its February 17, 2021 Order is not void. As Defendants explain, the Court would have needed to deprive Plaintiffs of their due process rights in the issuing of the order. (ECF No. 61 at 9.) However, even Plaintiffs do not argue in their Motion that the Court's Order was void *ab initio* or that the Court failed to give them

6

notice and an opportunity to be heard on the jurisdictional dispute between the parties. Plaintiffs had such an opportunity, which they took advantage of in litigating Defendants' motions to dismiss. They also had the opportunity to appeal the Court's Order, which they decided not to do. *Cf. Johnson v. Spencer*, 950 F.3d 680, 698 (10th Cir. 2020) ("Even assuming that such a due-process argument is cognizable under Rule 60(b)(4), we conclude that Mr. Johnson waived it by abandoning it in his direct appeal[.]").

This Court's judgment was not void when entered, and the Court did not violate Plaintiffs' due process rights. To the extent Plaintiffs contend that the Court's Order was erroneous, the Supreme Court has found that even such error would not render the judgment "void" under Rule 60(b)(4). *Espinosa*, 559 U.S. at 270–71. And Plaintiffs cannot "use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Accordingly, the Court denies the Motion under Rule 60(b)(4.)

**B.     Rule 60(b)(5)**

Rule 60(b)(5) allows a district court to grant relief from a final order if "it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). Invoking this portion of Rule 60, Plaintiffs contend that "applying the judgment prospectively is no longer equitable." (ECF No. 60 at 14.) Plaintiffs "believe this case presents a unique set of circumstances which requires a more liberal reading of Rule 60(b)(5) than has historically been applied, especially in light of the equitable considerations embodied directly within Rule 60(b)(5)." (*Id.* at 15.)

Plaintiffs concede that they "do not believe Colorado law surrounding resolution of royalty underpayment claims, and the corresponding jurisdiction of the courts and the Commission has 'changed' per se[.]" (*Id.* at 14.) Nevertheless, they argue that the

7

Colorado Supreme Court's opinion resolves any doubt that they cannot resolve their claims before the COGCC because it has no jurisdiction to hear them. (*Id.*) Further, they explain that other District of Colorado judges have "prospectively applied to prevent Plaintiffs from having their claims heard due [to] repeated reliance on this Court's February 17, 2021 dismissal Order." (*Id.* (citing *Boulter II*, ECF No. 47; *Boulter III,* ECF No. 23; *Boulter IV*, ECF No. 41).) Thus, according to Plaintiffs "[t]he alternative result is that Plaintiffs will have no forum in which to litigate their royalty underpayment claims against Defendants, an inexplicable inequity." (*Id.*)

The Court determines that Rule 60(b)(5) does not provide the relief Plaintiffs seek. Other courts have found that this provision is limited to orders like "injunctions and consent decrees that involve long-term supervision of changing conduct or conditions." *See, e.g., Comfort v. Lynn School Committee*, 560 F.3d 22, 28 (1st Cir. 2009). Dismissals without prejudice do not have the "prospective application" contemplated by Rule 60(b)(5). *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990) (dismissal without prejudice for forum *non conveniens* not prospective for purposes of Rule 60(b)(5)).

Accordingly, the Court's judgment dismissing Plaintiffs' claims without prejudice does not have prospective application in the unique manner which Plaintiffs argue. To the contrary, the Court's judgment applies "prospectively" only in the sense that "it precludes relitigation of the issues decided, which is clearly not enough." *Id*. Defendants correctly point out that Plaintiffs fail to cite any authority supporting their apparently novel application of Rule 60(b)(5). (ECF No. 61 at 11.)

"Having failed to appeal" this Court's Order, Plaintiffs "cannot correct alleged

8

errors under the guise of a 60(b)(5) motion." *Lightfoot v. Union Carbide Corp.*, 1997 WL 752357, at *3 (S.D.N.Y. Dec. 2 1997) (citing *Cruickshank & Co., Ltd. v. Dutchess Shipping Co.*, 805 F.2d 465, 468 (2d Cir. 1986)); *see also Title v. United States*, 263 F.3d 28, 31 (9th Cir. 1959) (expressly recognizing that the underlying judgment was erroneous, yet denying Rule 60(b)(5) relief because the error should have been raised in a direct appeal). Accordingly, the Court denies the Motion under Rule 60(b)(5).[2]

## C. Rule 60(b)(6)

Plaintiffs argue that "[t]he reality of this unfortunate situation is, Plaintiffs have been wholly precluded from prosecuting the merits of their breach of contract claims against Defendants for more than 3 years, and will continue to be precluded from having their day in court unless and until this Court grants relief from its prior 2021 dismissal Order." (ECF No. 60 at 9–10.) They ask that the Court liberally interpret Rule 60 because the facts in this case are "exceptional." (ECF No. 68 at 4.)

According to the Tenth Circuit, Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Id.* Rule 60(b)(6) "is appropriate only when it offends justice to deny such relief." *Yapp*, 186 F.3d at 1232 (citation omitted).

---

[2] Rule 60(c)(1) requires that Rule 60(b)(5) and (6) motions be brought in a "reasonable time." "[W]hat constitutes 'reasonable time' for a filing under Rule 60(b) depends on the facts of each case." *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004). Over two years have passed since the undersigned entered judgment in this case, and other than their failure to obtain the relief they seek from other judges in this District, Plaintiffs offer no explanation concerning why the timing of this Motion is reasonable under Rule 60(c)(1), which is yet another reason to deny the Motion. (See ECF No. 61 at 10 n.3.)

Plaintiffs' argument that the Colorado Supreme Court's decision undeniably supports their position is without merit. United States District Judges Raymond Moore and Daniel Domenico have interpreted the Colorado Court of Appeals' and the Colorado Supreme Court's decisions in *Antero* and have determined that "the issue that was dispositive in *Boulter I* was not at issue in either iteration of *Airport Land*." (*Boulter IV*, ECF No. 41 at 3.) Moreover, Plaintiffs' argument that they are entirely foreclosed from relief if this Motion is not granted is without merit. As Defendants point out, if Plaintiffs are successful in their appeal of *Boulter IV*, the merits of their claims could be decided on remand, refuting their argument that denial of the instant Motion would mean their breach of contract claims will never be heard on the merits. (ECF No. 69 at 4 (citing ECF No. 62 at 3).)

The Court agrees with Defendants' contention that Plaintiffs are in their current predicament based on their own "calculated choices." (ECF No. 61 at 13.) As one court in the Second Circuit succinctly stated, "a Rule 60(b) motion is no substitute for a direct appeal of an allegedly erroneous judgment." *Lightfoot*, 1997 WL 752357, at *3 (citation omitted). Plaintiffs argue that they had "more than a good faith basis not to appeal, but rather, to refile in this Court, to preserve their claims, all the while also seeking a jurisdictional determination from the Commission." (ECF No. 68 at 5.)

What Plaintiffs fail to acknowledge is that while of course they were free to choose how to litigate their claims, they are also bound by their strategic decision to refile their case three different times rather than to appeal *Boulter I*. As Defendants contend, they are here "because of their failure to appeal the Court's dismissal and their decision to engage in three years of procedural gymnastics to avoid exhausting their

administrative remedies." (ECF No. 61 at 13.) Particularly in light of the fact that Plaintiffs have an appeal pending in the Tenth Circuit in *Boulter IV*, the Court finds that Plaintiffs are not entitled to relief under Rule 60(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiffs Mike Boulter; Boulter, LLC; Ralph Nix Produce, Inc.; and Barclay Farms, LLC's Motion for Relief from the Court's Dismissal Order and Judgment Without Prejudice (ECF No. 60) is DENIED. This case remains closed.

Dated this 22nd day of November, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge